HARRIS, Chief Judge,
concurring specially:
The issue in this ease is whether the record reflects adequate Ashley[1] compliance to sustain Voth’s sentence as a habitual offender. I agree that it does and join in the affirmance. Voth’s position below, however, deserves a written response.
Voth was convicted by jury of burglary of a dwelling and petit theft. He thereafter pled guilty to burglary of a dwelling in a separate case. Prior to the scheduled sentencing on these eases, the State gave the proper notice for habitualization.
At the scheduled sentencing, Voth decided to plead guilty to three additional pending cases. During the plea proceedings, the following occurred:
[PROSECUTOR]: One other matter, Your Honor. The State, having previously filed a notice of intent to seek a sentence pursuant to Florida Statute 775.084, I ask the Court to find and declare the Defendant, to be a habitual offender. The State will likewise be filing a similar notice in [the cases involved in the unscheduled plea.]
I think he needs to be informed that that factor could result in significantly higher penalties than what would otherwise be the statutory maximum.
[[Image here]]
*122 [Ijrregardless of that, I think in order to make the pleas valid pleas, the record needs to reflect that he is on notice of that fact. And I will formally serve him and file with the Court pleadings to that effect.
The court then instructed Voth on the consequences of habitualization and asked if Voth understood. Defense counsel then in-, terposed:
[DEFENSE]: Judge, I’d have to — I think, on behalf of Mr. Voth, I have to object to that. The plea’s been made. It’s too late to file a notice. Under the law, oral notice after the plea is entered isn’t enough. I don’t think we can agree otherwise.
[[Image here]]
THE COURT: Two cases have already been noticed by the State for habitual offender status. It should come then as no surprise to the Defendant that the State wants to habitualize him and would do so in those cases in which he pleads last minute. I think the State is okay.
[[Image here]]
[PROSECUTOR]: Well, Judge, it appears from the colloquy between defense counsel, the Defendant and the Court that there’s some game-playing going on here. The reason that the Defendant is tendering his pleas today to these pending cases is because he hopes to avoid or at least set up an objection to him later being treated as a habitual felony offender.
[COURT]: Could be.
[PROSECUTOR]: If that’s his position, then I think we need to place that on the record right now. If he wants to plead to the Court and accept the possibility— there’s no certainty because the Court has discretion in that matter — the possibility that he will be sentenced as a habitual offender, then fine. But if he wants to later object to being treated as a habitual offender on those cases because of some lack of notice or something, let’s do it right now, withdraw the plea so that we can complete discovery and get these cases ready for trial.
When the judge asked Voth if he needed additional time to discuss the matter with his attorney, his attorney replied:
Judge, our position is that that’s not a choice that Mr. Voth has to make. He’s entered his plea, it’s too late. He has entered a plea, with no other conditions, as charged, and no prior written notice has been given.
When the court ruled that under the circumstances of this case — unscheduled plea, the State’s announced intent to habitualize and a declined opportunity to withdraw the plea — that it would consider habitualization, the defense attorney responded:
Judge, that’s fine. I realize that’s your ruling. Our position is that regardless of what the effect is, whether it puts the State at a disadvantage or not, the state of the law at this time is that written previous notice has to be given, and he, in fact, can do what he has just done.
I disagree. I would find that the state of the law at this time will not permit such games to be played. The supreme court in Ashley, (as was our court in Thompson[2]) was addressing a situation in which the defendant was not advised that his sentence would be subjected to habitual offender analysis should he enter a plea. It appears that Ashley, as well as Thompson, even though aware that there was a statutory proceeding for enhanced sentencing, was genuinely unaware that it would be pursued in his ease should he enter a plea. There was no effort in Ashley (or Thompson) to finesse the State by entering an unscheduled plea. I would hold that notice of intent to habitualize given at any time during the plea proceeding, so long as the plea may be immediately withdrawn, is the legal equivalent of notice prior to the plea.

. Ashley v. State, 614 So.2d 486 (Fla.1993).

. Thompson v. State, 638 So.2d 116 (Fla. 5th DCA 1994).